LEROY THOMPSON, JR. *v.* STATE OF ARKANSAS

5457                                          453 S. W. 2d 41

Opinion delivered April 27, 1970

*Philip Kaplan,* for appellant.

*Joe Purcell,* Attorney General, for appellee.

JOHN A. FOGLEMAN, Justice. Appellant's sentence to four years' imprisonment for burglary and grand larceny, fixed on November 11, 1967, was suspended on the same date. Appellant was placed on probation for a period of two years. On July 8, 1969, the suspension was revoked and appellant was ordered committed to the Department of Corrections for two years for burglary and two years for grand larceny. He appeals from this judgment.

Appellant's contentions are that the revocation was based solely upon his failure to report to the circuit court's probation officer for a period of five or six months and that the reasons given by the court for its action constituted an arbitrary and capricious abuse of discretion.

We have said that suspension of a sentence is a privilege extended, in the exercise of judicial discretion by the trial court, upon appropriate conditions to one found guilty of a criminal offense. We have also said that revocation of a suspension for failure of the offender to comply with the conditions imposed is in the nature of revocation of this privilege lying within the sound judicial discretion of the court that granted it. *Smith* v. *State,* 241 Ark. 958, 411 S. W. 2d 510.

The probation officer, Jeff Davis, testified that appellant had failed to make required monthly reports for a period of six months beginning January 13, 1969. During that period, the officer received no communication from appellant or any member of his family. Mr. Davis enlisted the aid of a deputy sheriff, who reported that appellant had removed from his previous address, and efforts to locate him had proved unavailing. Appellant's mother brought him to Davis' office only after six months had elapsed, all efforts to locate appellant had been unsuccessful, and a warrant for him had been issued. The mother promised that her son would thereafter report regularly if placed under her supervision. She repeated this promise to the court at the hearing upon the petition to revoke the suspension, stating that she had enough control over appellant to assure that he would do so. She professed ignorance of his failure to report, although he was living in her home during the entire period of his delinquency.

Appellant offered no justifiable excuse for his failure to report. He stated that he had been injured in an automobile wreck. He admitted that he did not come to the probation officer because he had been shot in his elbow and hip on a date he could not recall. He admitted ability to use a telephone, but claimed ignorance of Davis' telephone number.

We find no arbitrary or capricious action or abuse of discretion on the part of the circuit judge. He stated his concern about the matter and his reluctance to send

appellant to prison. Yet, recalling that 200 persons were on probation, he felt that failure to do so would establish a precedent which would effectively undermine his entire probation system. Such deliberate weighing of the factors is the antithesis of abuse of judicial discretion.

The judgment is affirmed.